Mr. Justice MILLER
 

 delivered the opinion of the court.
 

 Did the requirement of the statute of the 10th of April, 1867, that the holder of a certificate of tax-sale should give notice to whoever might be found in possession of the land before taking a deed impair the obligation of the contract made at the sale ?
 

 It must be conceded by all who are familiar with the vast disproportion between the value of the land and the sum for which it is usually bid off at such sales, and the frequency with which the whole proceeding is conducted to the making of the conveyance intended to pass the title without any knowledge on the part of the real owner, that the requirement is an eminently just and proper one. Nor is it one difficult to comply with, as it is only made necessary where some one is found on the land, on whom the notice can be served, and the cost of serving the notice must be paid by any party offering to redeem.
 

 That a statute is not void because it is retrospective has been repeatedly held by this court, and the feature of the act of 1867, which makes it applicable to certificates already issued for tax-sales, does not of itself conflict with the Constitution of the United States. Nor does every statute which affects the value of a contract impair its obligation. It is one of the contingencies to which parties look now in making a large class of contracts, that they may be affected in
 
 *71
 
 many ways by State and National legislation. For such legislation demanded by the public good however it may retroact on contracts previously made, and enhance the cost and difficulty of performance, or diminish the value of such performance to the other party, there is no restraint in the Federal Constitution, so long as the obligation of performance remains in full force.
 

 In the case before us the right of plaintiff to receive her deed is not taken away, nor the time when she would be entitled to it postponed.
 

 While she had a right to receive either her money or her deed at the end of three years, the owner of the land had a right to pay the money and thus prevent a conveyance. These were the coincident rights of the parties growing out of the contract by which the land was sold for taxes.
 

 The legislature, by way of giving efficacy to the right of redemption, passed a law which was just, easy to be complied with, and necessary to secure in many eases the exercise.of this right. Can this be said to impair the obligation of plaintiff’s contract, because it required her to give such notice as would enable the other party to exercise his rights under the contract?
 

 How does such a requirement lessen the binding efficacy of plaintiff’s contract? The right to the money or the land remains, and can be enforced whenever the party gives the requisite legal notice. The authority of the legislature to frame rules by which the right of redemption may be rendered effectual cannot be questioned, and among the most appropriate and least burdensome of these is the notice required by statute.
 

 In the case of
 
 Jackson
 
 v. Lamphire,
 
 *
 
 this court said: “ It is within the undisputed province of State legislatures to pass recording acts by which the elder grantee shall be postponed to a younger if the prior deed is not recorded within the limited time, and the power is the same, whether the deed is dated
 
 before
 
 or after the recording act. Though the
 
 *72
 
 effect of such a law is to render the prior deed fraudulent and void against a subsequent purchaser, it is not a law impairing the obligation of contracts. Such, too, is the power to pass acts of limitations, and their effect. Reason and sound policy have led to the general adoption of laws of both descriptions and their validity cannot be questioned.” . . . “ Cases may occur,” says the court, “ where the provisions of a law on those subjects may be so unreasonable as to amount to a denial of a right, and call for the intervention of the court; but the present is not one of them.”
 

 So we think of the case now under consideration, and we therefore
 

 Affirm the judgment of the State court.
 

 *
 

 8 Peters, 290.