# PRICE *v.* HARLEY.[*]

(In Banc. March 29, 1926.)

[107 So. 673. No. 25386.]

1. CONSTITUTIONAL LAW. *Contracts. Obligation of contract imports, for most part, its binding force on obligor to perform duty agreed on, and relates to performance rather than to breach of contract; nature. construction, and effect of contract are governed by laws existing when and where it was made, or where it is, by its terms, to be performed; as respects obligation of contracts under contract; as regards impairing obligation of contract, modes of proceeding for breach of contract, with certain restrictions and limitations, are subject to be modified and changed by legislature.*

The obligation of a contract imports, for the most part, its binding force upon the obligor to perform the duty agreed on, according to the nature and effect of the contract. It relates to the performance, rather than to a breach, of the contract. The nature, construction, and effect of a contract are governed by the laws existing when and where it was made, or where it is, by its terms, to be performed; and in this respect, the rights of the parties under the contract are beyond the legislative power. The remedy pertains to the modes of proceeding existing when and where the enforcement of the contract may be sought; and these, with certain restrictions and limitations, are subject to be modified and changed by the legislature.

2. CONSTITUTIONAL LAW. *Taxation. Law in force at time tax sale is made becomes part of contract of sale; statute requiring clerk of chancery court to notify holder of recorded lien on property sold for taxes of sale, and making purchaser's deed void for failure to do so, which becomes effective after tax sale was made, but before it becomes absolute, impairs obligation of contract of sale, and is void (Code 1906, section 4338 [Hemingway's Code, section 6972]; Laws 1922, chapter 241, sections 2, 3).*

The law in force at the time a tax sale is made becomes a part of the contract of sale, and a statute which becomes effective after the sale was made, but before it becomes absolute, and which requires the clerk of the chancery court to notify the holder of a recorded lien on the property sold for taxes of the sale, and provides that, in the event he fails so to do, the pur-

chaser's deed to the land shall be void, impairs the obligation of the contract of sale, and is void.

---

*Corpus Juris-Cyc. References: Constitutional Law, 12CJ, p. 1002, n. 19; p. 1003, n. 10, 11; p. 1055, n. 84. Contracts, 13CJ, p. 248, n. 16; p. 249, n. 19; p. 259, n. 22; p. 627, n. 33. Taxation, 37 Cyc, p. 1282, n. 30. Conflict of Laws as to Contracts, see 5 R. C. L., 936; 1 R. C. L. Supp., p. 1557.

Appeal from chancery court of Chickasaw county, first district.

Hon. Allen Cox, Chancellor. '

Suit by W. S. Price against A. M. Harley to cancel a tax deed. From a decree sustaining a demurrer to and dismissing complainant's bill, he appeals. Affirmed.

*J. H. Ford,* for appellant.

The only question to be decided is whether chapter 241, Laws or 1922, applies to this case. If so, the decree sustaining the demurrer and dismissing the bill should be reversed. If it does not, then the decree of the lower court was correct.

Chapter 241, Laws of 1922, was passed on March 27, 1922, before the sale of the land for taxes was made on May 1, 1922, and before the redemption period of two years expired on May 1, 1924. In other words, that chapter was the law at the time of the sale but it did not go into force and effect until June 27, after the sale. It had been in force nearly two years at the time of the expiration of the period of redemption.

The question here then is this: Did the failure of the clerk to give notice to appellant, the mortgagee, of the sale of the land and of the time of the expiration of the period of redemption, as provided in that chapter, render the tax title of the appellee to the land void as to appellant?

The court below held that it did not. We contend that it did, since the statute is merely a remedial one, had already been passed at the time of the sale, and was no-

tice to the purchaser then that its requirements would have to be complied with before his title would ripen into a perfect one. The effect of the statute was entirely prospective from the time of its passage. The fact that it did not take effect until some time after its passage would not render it retroactive in the sense in which that term is applied in law. The statute is retroactive only when applied to things done before its passage. Here the sale was made after the statute was enacted.

Again the statute simply affected the rights of the purchaser at the sale as it found them when it went into effect on June 27, 1922, and "simply imposes a new duty in respect to a present and future right." See *Clark Imp. Co.* v. *Wadden,* 149 N. W. 424 (S. D.), L. R. A. 1915C 414; *Curtis* v. *Whitney,* 13 Wal. 68, 20 L. Ed. 513.

Appellee contends that to hold chapter 241, Laws of 1922, applicable to this sale, made after its passage but before it took effect, would render it unconstitutional, citing *Rice* v. *Smith,* 72 Miss. 42, 16 So. 417; *Wisconsin Lumber Co.* v. *State,* 97 Miss. 571, 54 So. 247; *Richard* v. *City Lumber Co.,* 101 Miss. 678, 57 So. 9777. But these cases have no application to the case at bar because: (1) They have no reference to rights accruing before the laws there construed were enacted; and (2) The laws construed in those cases made changes in the substantive law and were not merely remedial as in this case. The act here neither created new rights nor took away vested ones of appellee. See 25 R. C. L., p. 790, par. 37; Black on Tax Titles (2 Ed.), sec. 329, p. 408, 26 R. C. L., p. 434, par. 390.

The law is eminently just and appellant had no notice that the taxes had not been paid by the owner or that the land had been sold for taxes until after the period of redemption had expired. Because of the failure to give him the notice required by the act, he lost what he had loaned to the owner on the land—more than two thousand dollars including interest—unless this court holds that the act applied to this sale.

*Thomas L. Hamon,* for appellee.

Does chapter 241, Laws of 1922, apply to the case at bar?

I.   The protection of the statute can only extend to lienholders.  Appellant comes into court as a claimant of title, not as a lienor.  He claims under deed from the owner, and it is clear that there is no intent of the statute to protect the owner.  Appellant says that he was a lienor at the time of the sale to appellee for taxes, that he was still a lienor at the time the period of redemption expired and that after that he took the title by foreclosure of his lien.  He sues to cancel the claim of title by appellee under the tax sale for delinquent taxes admittedly due by the owner, and elects to stand his ground as conveyance through *mesne* process from the owner at time of sale for delinquent taxes.  We submit that appellant stands in the shoes of the owner at the time of the sale; that the relief prayed for would be inequitable; that even if appellant was entitled to any equitable relief, the equities in favor of appellee are superior and that by his procedure, appellant has made it impossible for a court to grant him any relief.

II.   In connection with chapter 137, Laws of 1922, we refer to sections 6962, 6972, 6966, 6886, 6887 and 6960, Hemingway's Code, especially sections like 6886, whereby the state makes a firm contract with purchasers at sales that sale under the procedure fixed shall vest title if the land is not redeemed by the owner or some one for him within two years under section 6972.

Section 4, chapter 241, Laws of 1922, which was approved March 27, 1922, provides that the act shall not take effect or be in force until ninety days from and after its passage, fixing June 27, 1922, before it should become operative, and, as we contend, before, it should become the law.

III.　Chapter 241, Laws of 1922, was not the law at the time the sale occurred on May 1, 1922. The very provision of the enactment was that it should not become the law until after the sale. It was not in force and effect by its own provisions. It was in force at the time of the expiration of the period of redemption, but it did not and could not apply to a sale whereby substantive rights had vested by a sale completed by deposit of deed before it became the law, before it came into effect and force. The statute is not merely remedial. Mere notice to the purchaser is not the proposition involved.

The effect of a statute is considered as of the time when, by its enactment, it become operative and in effect. The case of *Clark Imp. Co.* v. *Wadden,* 149 N. W. 424 (S. D.), L. R. A. 1915C 414, is not in point, nor is *Curtis* v. *Whitney,* 13 Wal. 68, 20 L. Ed. 513. In each of those cases the statute merely required notice to be given by the purchaser to the owner that his time for redemption was about to expire to call his attention to the date of its expiration. In the present case it is not required that the purchaser give the notice but that the clerk give the notice, nor do I see how the purchaser could compel the clerk to give the notice. No notice is required to be given to the owner, but to a lienor of record.

This statute, if applied to the case at bar, not only takes away vested rights from the purchaser, but creates new rights in the lienor, a person not before known to the law in tax sales. A merely remedial statute must affect only the remedy of the person provided for in the original law or else the new law creates new rights and is not merely remedial.

The legislature cannot destroy vested rights by creating a new cause of action, or destroy a valid defense to an existing cause of action, *Richards* v. *City Lumber Co.,* 101 Miss. 678, 57 So. 977; *Wisconsin Lumber Co.* v. *State,* 97 Miss. 575, 54 So. 247; *Gage* v. *Stuart* (Ill.), 11 A. S. R. 116; *Oullahan* v. *Sweeney* (Cal.), 12 A. S. R. 172 and note.

Argued orally by *J. H. Ford*, for appellant, and *Thos. L. Hamon*, for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree sustaining a demurrer to and dismissing an original bill of complaint wherein the complainant seeks the cancellation of a tax deed held by the defendant to land claimed by the complainant. The appeal is by the complainant, and the parties will be hereinafter designated as in the court below.

It appears from the bill that in 1921 Griffith, the then owner of the land in question, executed a deed of trust thereon to the complainant to secure a debt due him by Griffith, which deed of trust was foreclosed, and the land was bought in by the complainant in December, 1924. Griffith failed to pay the taxes due on the land for the year 1921, and in May, 1922, it was sold therefor under chapter 137, Laws of 1922, and purchased by the defendant. The complainant did not know of the sale of land for taxes, and was not notified thereof by the chancery clerk before the period of redemption expired.

When land is sold to an individual for the taxes due thereon, the tax collector is required to execute a deed to the purchaser thereto and deliver it to the chancery clerk, with whom it remains for two years, during which time "the owner of the land, or any persons for him, may redeem" it by paying the clerk, etc. Section 4388, Code of 1906 (Hemingway's Code, section 6972). The statute that was in force when the sale was made, and now, requires the chancery clerk to notify the owner of land of a sale thereof for taxes within ninety days, and not less than sixty days, prior to the expiration of the time for redemption, but the failure to give this notice does not affect the validity of the purchaser's deed. Section 2, chapter 241, Laws of 1922, which became effective on June 5, 1922, after the sale here in question was made provides for the giving of such notice by the chancery clerk to the holders of recorded liens on land sold for

taxes; and further (section 3) that "a failure to give the notice to such lienors . . . shall render the tax title void as to such lienors."

The appellant's contention is that section 2 chapter 241, Laws of 1922, cannot be applied to a sale for taxes made prior to the time it became effective, for the reason that so to do would impair the obligation of the contract of sale.

"The obligation of a contract imports, for the most part, its binding force upon the obligor to perform the duty agreed on, according to the nature and effect of the contract. It relates to the performance rather than to a breach of the contract. The nature, construction, and effect of a contract are governed by the laws existing when and where it was made, or where it is, by its terms, to be performed; and, in this respect, the rights of the parties under the contract are beyond the legislative power. The remedy pertains to the modes of proceeding existing when and where the enforcement of the contract may be sought; and these, with certain restrictions and limitation, are subject to be modified and changed by the legislature." *Coffman v. Bank of Kentucky,* 40 Miss. 29. 90 Am. Dec. 311.

Under the statute in force, both before the sale here in question was made and now, the holder of a lien on land sold for taxes has the right to redeem it for the owner, and the provision of section 2, chapter 241, Laws of 1922, for notice to him of the sale is in aid of this right, and affects the performance of the contract. Such a statute, enacted after a sale for taxes is made, but before it becomes absolute, may be applied thereto, provided it imposes no undue burden on the purchaser, and does not annul the sale or deprive the purchaser of his right to a deed. *Curtis v. Whitney,* 13 Wal. 68, 20 L. Ed. 513; *State v. Krahmer,* 117 N. W. 780, 105 Minn. 422, 21 L. R. A. (N. S.) 157; 12 C. J. 1002.

The effect of section 2, chapter 241, Laws of 1922, if applied to the sale here in question, is to annul it by making the deed executed pursuant to the sale void because

of the happening of a subsequent event over which the purchaser has no control. A statute which requires the purchaser at a tax sale to himself give notice thereof to the owner of the land before he can receive a deed to the land does not impair the obligation of the contract of sale, for the reason that the giving of the notice is entirely at the discretion of the purchaser, and imposes no burden on him. *Curtis* v. *Whitney, supra; Tarpley* v. *Hamer,* 9 Smedes & M. 310. But here the notice required is not to be given by the purchaser at the tax sale, but by a public officer over whom he has no control. The supreme court of Florida, in *Starks* v. *Sawyer,* 47 So. 513, 56 Fla. 596, and in *Clark-Ray-Johnson* v. *Williford,* 56 So. 938, 62 Fla. 453, held a similar statute valid, but we are unable to agree with its conclusion thereon, and the statutes construed in the cases cited by it in support of its holding impose the duty of giving the notice of the tax sale on the purchaser and not on a third person over whom he has no control.

It follows from the foregoing views that section 2, chapter 241, Laws of 1922, cannot be applied to the sale here in question, for the reason that so to do would impair the obligation of the contract. The validity of the defendant's deed must be determined by the law in force at the time the sale was made.

*Affirmed.*