EVERETT *v.* WILLIAMSON.

(Division A. Oct. 17, 1932. Suggestion of Error Overruled Nov. 14, 1932.)

[143 So. 690. No. 30141.]

**W. D. Hilton,** of Mendenhall, for appellant.

Livingston & Milloy, of Prentiss, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellant, R. L. Everett, filed a bill of complaint in the chancery court of Jefferson Davis county, seeking to cancel a certain tax deed and to confirm his title to the land covered by the said tax deed, and from a decree dismissing the bill of complaint he prosecuted this appeal.

The material facts alleged in the bill of complaint, and established by the proof, are as follows: On April 5, 1926, the northwest quarter of the northeast quarter of section 28, township 9 north, range 18 west, situated in Jefferson Davis county, Mississippi, was sold for the taxes due thereon for the year 1925, and, consequently, the period allowed by law for redeeming said land from this tax sale expired on April 5, 1928. On October 1, 1927, the owner of the said forty-acre tract of land executed a deed of trust thereon in favor of the complainant, as beneficiary, to secure an indebtedness therein described, and, on January 30, 1930, default having been made in the payment of the indebtedness secured thereby, the said deed of trust was duly and regularly foreclosed, and the land in question was conveyed to the appellant, the purchaser at said foreclosure sale.

The chancery clerk did not, at any time prior to the expiration of the period allowed by law for redemption,

notify the appellant, the lienor, by registered mail or otherwise, that the land covered by the lien of his said deed of trust had been sold for taxes, and that the title thereto would become absolute in the purchaser thereof unless redeemed from said sale on or before the 5th day of April, 1928.

The court below entered a decree dismissing the bill of complaint on the ground that section 2, chapter 241, Laws of 1922, is unconstitutional and void, and in an opinion, which was made part of the record, based the holding that this section is unconstitutional on the view that this court, in Price v. Harley, 142 Miss. 584, 107 So. 673, 674, had so held. If the court below was correct in holding this section to be unconstitutional, its decree must be affirmed, otherwise it must be reversed and a decree entered here granting the relief prayed for in the bill of complaint.

Section 2, chapter 241, Laws of 1922 (sections 3259 and 3260, Code 1930), makes it the duty of the chancery clerk to examine the records of deeds, mortgages, and deeds of trust in his office to ascertain the names and addresses of all holders of liens on lands sold for taxes, and within ninety days and not less than sixty days prior to the expiration of the time allowed for redemption of said lands, to send to all lienholders, if any, by registered mail, addressed to the postoffice address of such lienors, if known, or, if unknown, then addressed to the county site of the said county, a notice that the land covered by such liens had been sold for taxes and that the title thereto would become absolute in the purchaser at said tax sale unless redeemed from said sale within the period provided by law for redeeming land from tax sales. Section 3 of said chapter 241 (section 3262, Code 1930) provides that "a failure to give the notice to such lienors, required by section 2 of this act shall render the tax title void as to such lienors, and as to them only."

The view that this court in Price v. Harley, supra, has held, that section 2 of chapter 241, Laws of 1922, is unconstitutional or invalid when applied to tax sales made after its enactment is erroneous. The only question presented and decided in that case was whether or not it would impair the obligation of the contract of sale to apply the section to a sale for taxes made prior to the time it became effective; and, after a discussion of the authorities bearing upon that question, the court held "that section 2, chapter 241, Laws of 1922, cannot be applied to the sale here in question, for the reason that so to do would impair the obligation of the contract. The validity of the defendant's deed must be determined by the law in force at the time the sale was made."

In support of the view that section 2, chapter 241, Laws of 1922, which is entitled "An act to amend section 4333 of the Code of Mississippi of 1906 . . . so as to require the chancery clerks to ascertain from the records the names of owners of all lands sold for taxes, and to give notice to such owners of such sale and providing the penalty therefor," is unconstitutional, the appellant first contends that it violates section 61 of the Constitution of 1890, which provides that "no law shall be revived or amended by reference to its title only, but the section or sections, as amended or revived, shall be inserted at length."

Section 4333, Code of 1906, was brought forward without change or amendment, as section 1 of chapter 241, Laws of 1922, while sections 2 and 3 of said chapter are added as new matter contained in entirely separate sections of the act. This act does not amend section 4333, Code of 1906, unless the addition of the two new sections covering an analogous subject can be said to be an enlargement or amendment of the original section, but in any event the act fully complies with section 61 of the Constitution by inserting at length the section enlarged, amended, or revived.

It is next contended that the title of said chapter 241 is insufficient. Section 71 of the Constitution of 1890 requires that "every bill introduced into the legislature shall have a title, and the title ought to indicate clearly the subject-matter or matters of the proposed legislation," but the sufficiency of the title of a bill is solely to be determined by the legislature. State v. Phillips, 109 Miss. 22, 67 So. 651, L. R. A. 1915D, 530.

In the fact that a failure to give this statutory notice to owners of land sold for taxes does not invalidate the tax sale, while, under the provisions of section 3 of said chapter 241, a failure to give the required notice to lienors renders a tax sale void as to such lienors, there is no such unlawful discrimination against owners as would invalidate sections 2 and 3 of said act. Owners are primarily and personally liable for the payment of taxes lawfully assessed against their property, and are charged by statute with particular and primary duties in reference to the assessment and payment of such taxes; and they bear a wholly different relation to the property in reference to taxation from that borne by lienors. This difference in the relation of the respective parties to the property furnishes a sufficient basis of classification for the distinction or difference in the effect given to a failure to give notice to the owners and lienors respectively. In our opinion this statute violates no constitutional provision, and is a valid exercise of legislative power and discretion, when applied to sales made after its enactment.

The validity of a tax sale and deed must be determined by the law in force at the time the sale was made. By the statute here under consideration, the giving to holders of liens on land which have been sold for taxes, of a notice of the date of the expiration of the period of redemption from such sale, is made a condition precedent to the delivery of a tax deed, that is, valid as against the claim or indebtedness of such lienor. At a tax

sale the bidders or purchasers of the land or property offered for sale are chargeable with notice and knowledge of the existing statutory requirements for a valid sale, and the statutory conditions upon which a valid deed may be acquired; and must be held to have purchased subject to such statutory provisions. The requisites prescribed by section 2 of the said chapter 241 were enacted to protect the rights of lienors in property sold for taxes, and the failure to comply with the requirements of the section by giving notice to the appellant lienor rendered the tax sale of the land covered by his lien void as to him.

The decree of the court below will, therefore, be reversed, and a decree will be entered here canceling the tax deed, and confirming the appellant's title to the land covered thereby.

Reversed, and decree here for appellant.