REID v. FEDERAL LAND BANK OF NEW ORLEANS.

(Division A. May 29, 1933. Suggestion of Error Overruled, July 17, 1933.)

[148 So. 392. No. 30671.]

J. N. Ogden, of Magnolia, for appellant.

**C. T. Gordon,** of Liberty, for appellee.

Argued orally by **J. N. Ogden**, for appellant, and **C. T. Gordon**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee exhibited an original bill against the appellant and others by which it seeks to foreclose a deed of trust it has on certain land and to cancel the appellant's claim to a part thereof as a cloud on its title thereto. The decree was in accord with the prayer of the bill.

The appellant's claim to the land arises as follows: The land was owned by Varnado, who gave the appellee a deed of trust thereon in December, 1921. Varnado agreed to pay all taxes that might thereafter be assessed against the land. He failed to pay the taxes on a part of the land for the year 1928, resulting in it being sold to the state therefor. Varnado failed to redeem it, and, after the expiration of two years from its sale, the clerk of the chancery court of the county in which the land is situated certified the sale to the state land commissioner, who thereafter conveyed it to the appellant.

Section 2, chapter 241, Laws 1922, which was in effect

when this land was sold for taxes, provides: "It shall be the duty of said clerk of the chancery court to examine the records of deeds, mortgages and deeds of trust in his office for a period beginning January 1, 1915, to ascertain the names and addresses of all mortgagees, beneficiaries and holders of vendors' liens of all lands sold for taxes, and shall, within the time fixed in section 1 of this act [within ninety days and not less than sixty days prior to the expiration of the time of redemption], send by registered mail to all such lienors so shown of record the following notice, to-wit." The notice required sets forth the sale of the land for taxes, "and that the title to said land will become absolute in said purchaser unless redemption from said sale be made on or before the ——— day of ——."

Section 3 of the statute provides that a failure of the clerk to give this notice "shall render the tax title void as to such lienors."

The notice required by the statute was not given the appellee, and it had no other notice or knowledge of the sale of the land for taxes.

By section 3014, chapter 276, Laws 1930, which became effective on June 1, 1930, and which now appears as section 3259, Code 1930, section 2, chapter 241, Laws 1922, was amended so as to require the clerk to examine the the records of deeds, mortgages, and deeds of trust in his office for a period of six years only prior to the date of sale of land for taxes and to notify lienors thereof whose liens were filed of record within that time. Under this statute the clerk was not charged with the duty of notifying the appellee of the sale of the land for taxes. The question then is, Is the appellee's right to notice from the chancery clerk of the sale of the land for taxes governed by section 2, chapter 241, Laws of 1922, or by section 3014, chapter 276, Laws 1930?

There are always three parties to a contract for the

sale of land by the state for the taxes thereon to a person other than the state—the owner of the land, the purchaser thereof, and the state—and sometimes a fourth, a person having a lien thereon. The rights of all parties to the contract of sale are fixed and governed by the statute under which the sale was made, and they cannot thereafter be substantially impaired under clause 1, section 10, article 1, of the Federal Constitution. When the sale for taxes was here made, the state was obligated, under section 2, chapter 241, Laws 1922, to give notice of the sale through its administrative officer, the chancery clerk, to which the appellant agreed by purchasing the land. This obligation thereafter remained in force, and was not, and could not be, impaired by section 3014, chapter 276, Laws 1930. Compare Price v. Harley, 142 Miss. 584, 107 So. 673; and Everett v. Williamson, 163 Miss. 848, 143 So. 690.

The tax deed, therefore, because of the clerk's failure to give the appellee notice thereof, is void.

Affirmed.