LEE, Justice,
for the Court:
Associates Capital Corporation, Associates Financial Services, Frank Allen Hayes and Lula M. Hayes, his wife, filed suit in the Chancery Court of Harrison County, Honorable J. S. Morris, presiding, seeking to remove clouds, cancel deeds and confirm *219 tax title -to a certain lot in Gulfport, Mississippi, against Walter H. Alexander, Edward St. Clair, Jerry B. Saucier, and Anthony Sakalarios. The case was submitted to the chancellor for decision on the pleadings, which consisted of a second amended bill of complaint, affirmative defenses, cross-bill for confirmation of tax title and rentals, and answer to the cross-bill. The chancellor entered a final decree dismissing the bill of complaint, confirming the tax title to said property in Anthony Sakalarios and he entered a judgment in favor of Sakalarios against Frank Allen Hayes and Lula M. Hayes for rentals in the amount of one hundred dollars ($100.00) per month, aggregating twenty-two hundred dollars ($2,200). The complainants have appealed here.
The threshold question is whether or not title to the said lot matured in Sakalar-ios as a result of the tax sale when there was a failure to serve the Hayes and lien-holders with notice that the tax title would mature in sixty (60) days, unless redeemed.
The record reflects that on September 16, 1974, the tax collector of the City of Gulf-port sold said property for the 1973 taxes and that Jerry B. Saucier purchased same at the tax sale. The period for redemption of said tax sale expired on September 16, 1976, without any redemption of same, and on October 19, 1976, the tax collector and city clerk executed a tax deed to Saucier conveying the property to him. On October 25, 1976, Saucier conveyed the lot to Saka-larios.
At the time of the sale, the lot was assessed to Walter H. Alexander and wife and they were the record owners on the date of the sale and throughout the period of redemption. The City of Gulfport issued a notice to Walter Alexander and wife and mailed same to 1516V2 Eastwood Drive, Gulfport, Mississippi, by registered mail, which address was indicated on the 1973 tax statement and was the address of the property. The notice set forth that said lot had been sold by the City of Gulfport on September 16, 1974, to Jerry B. Saucier and that unless same was redeemed on or before September 16, 1976, Saucier’s title would become absolute. The notice was returned to the City of Gulfport unclaimed.
On May 29, 1972, the Alexanders executed a deed of trust on said lot to Guaranty Loan Corporation which deed of trust was subsequently assigned to Associates Financial Services on the 18th day of November, 1974. Foreclosure proceedings were instituted and Associates Financial Services purchased at said sale, October 3, 1975. The deed was inadvertently not filed for record. Associates Financial Services conveyed the property to the St. Clairs, who executed a deed of trust in its favor on the same date. Subsequently, foreclosure proceedings were instituted against the St. Clairs and Associates Capital Corporation purchased at the sale April 12, 1975. Associates Capital Corporation executed deeds to the Hayes on May 29, 1976, and they, in return, executed a deed of trust to Associates Capital Corporation as security for the purchase price. The Hayes have remained in possession since that time.
Appellants contend that the failure of the City to see that the notice was delivered to the Hayes, failure of the sheriff to serve the Hayes with notice, and failure of the City of Gulfport to serve the lienholders, voided the tax title of Saucier and Sakalar-ios. Mississippi Code Annotated Section 27 — 43-1 (1972) provides the following:
“The clerk of the chancery court shall, within ninety days and not less than sixty days prior to the expiration of the time of redemption, if the owner of the land sold, either to individuals or to the state, be a resident of this state and the address known to said clerk, be required to issue notice to such owner, in effect following, to wit:
‘State of Mississippi, To_, County of_
‘You will take notice that _ (here describe lands)_lands assessed to you or supposed to be owned by you, was, on the _day of_sold to_for the taxes of _ year_, and that the title to said land will become absolute in _unless redemption from said tax sale be made on or before_day of_.
‘This_day of_19_.
‘_ Clerk.’”
*220 However, Mississippi Code Annotated Section 27-43-3 (1972) states that failure to give the notice required by the foregoing section will not affect or render the title void, and merely provides that damages may be sought against the clerk or sheriff who failed to perform their respective duties.
Mississippi Code Annotated Section 27-43-5 (1972) sets out the requirement for notice to lienholders:
“It shall be the duty of said clerk of the chancery court to examine the record of deeds, mortgages and deeds of trust in his office for a period of six years prior to the date of sale to ascertain the names and addresses of all mortgagees, beneficiaries and holders of vendors liens of all lands sold for taxes, and shall, within the time fixed by law for notifying owners, send by registered mail to all such lienors so shown of record the following notice, to wit:
‘State of Mississippi, To_, County of_
‘You will take notice that _ (here describe lands)_assessed to, or supposed to be owned by _ was on the _ day of_, 19_, sold to_for the taxes of_(giving year) upon which you have a lien by virtue of the instrument recorded in this office in _ Book _, page_, dated_, and that the title to said land will become absolute in said purchaser unlesss redemption from said sale be made on or before the_day of _> 19_•
‘This_day of_, 19_.
‘Chancery Clerk of_ County, Miss.’ ”
At the time the property in question was assessed and the sale for delinquent taxes was held on September 16, 1974, there was no requirement in the statute that notice of the expiration of the redemption period be given to either the landowner or lienholders in the sale of municipal lands for delinquent ad valorem taxes. Since that time, effective October 1, 1975, Ch. 517, Miss.Gen. Laws [1974] was enacted [Mississippi Code Annotated § 27-43-4 (1972)][1] which provides that when lands are sold for non-payment of municipal taxes the municipal clerk shall issue the same type notice as set forth in Mississippi Code Annotated Sections 27-43-1 and 27-43-3 (1972).
In Price v. Harley, 142 Miss. 584, 107 So. 673 (1926), the Court had before it the question of whether a statute passed subsequent to the tax sale, requiring notice by the chancery clerk to holders of recorded liens on lands sold for taxes, affected prior tax sales. The Court said:
“Such a statute, enacted after a sale for taxes is made, but before it becomes absolute, may be applied thereto, provided it imposes no undue burden on the purchaser, and does not annul the sale or deprive the purchaser of his right to a deed. Curtis v. Whitney, 13 Wal. 68, 20 L.Ed. 513; State v. Krahmer, 105 Minn. 422, 117 N.W. 780, 21 L.R.A. (N.S.) 157, 12 C.J. 1002.
The effect of section 2, chapter 241, Laws of 1922, if applied to the sale here in question, is to annul it by making the deed executed pursuant to the sale void because of the happening of a subsequent event over which the purchaser has no control.” 142 Miss. at 590-591, 107 So. at 674.
See also Everett v. Williamson, 163 Miss. 848, 143 So.2d 690 (1932).
The United States Supreme Court cited Price v. Harley in Wood v. Lovett, 313 U.S. 362, 61 S.Ct. 983, 85 L.Ed. 1404 (1941) and said:
“The federal and state courts have held, with practical unanimity, that any substantial alteration by subsequent legislation of the rights of a purchaser at tax sale, accruing to him under laws in force at the time of his purchase, is void as impairing the obligation of contract.” *221 313 U.S. at 369, 61 S.Ct. at 986, 85 L.Ed. at 1407.
We are of the opinion that failure to notice the Hayes and failure to notice the lienholders did not render the tax title of Saucier and Sakalarios void for the reason that there was no statute requiring such notice in municipal tax sales, that the chancellor correctly dismissed the bill of complaint and confirmed the title of Sakalarios and that the judgment should be affirmed in that respect.
The next question is whether or not the chancellor erred in decreeing rent in the sum of $100.00 per month aggregating $2,200.00 for the period the Hayes occupied the lot. Appellants contend that since the appellee agreed to submit the case for decision on the pleadings, he is bound by same, there being no material conflict of fact. Appellee states that he alleged he was entitled to damages against the Hayes for rent of $100.00 per month from October 25,1976, and that, in their answer to the cross-bill, the Hayes only made a general denial that Sakalarios had no interest which would entitle him to $100.00 per month, or any amount whatsoever, and did not contend that $100.00 per month was not a reasonable rent.
However, the cross-bill did not aver facts which would justify rental, nor did it aver that appellee was entitled to rental. The prayer of the cross-bill simply asked for rental at the rate of $100.00 per month. Appellants denied that appellee was entitled to any rent as prayed for in the cross-bill, and there is no stipulation in the record with reference to rentals.
Facts must be alleged in the bill of complaint (cross-bill) upon which relief may be granted. There having been no such facts averred in the cross-bill here, and there being no stipulation of such facts, we are of the opinion that the chancellor erred in allowing rentals to appellee and that the decree should be reversed and judgment entered here in favor of appellants Hayes on the question of rents.
AFFIRMED IN PART, REVERSED AND RENDERED IN PART.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.

. “With respect to lands sold for the nonpayment of municipal taxes, both for ad valorem and for special improvements, the municipal clerk shall issue the same type notices and make the same type affidavits and the municipality shall be allowed the same fees as set forth in sections 27-43-1 and 27-43-3. However, all affidavits of the municipal clerk shall be filed with the chancery clerk of the county in which the municipality is located for which the chancery clerk shall be allowed a filing fee of one dollar ($1.00) per affidavit.”