LEE, P.J.,
Dissenting.
¶ 16. With respect to the majority, I dissent. While I agree that American General Finance, Inc., did not receive proper notice, I find that the failure to give proper notice renders the entire tax sale void, not just as to American General. “Statutes dealing with land forfeitures for delinquent taxes should be strictly construed in favor of the landowners [and] [a]ny deviation from the statutorily[-]mandated procedure renders the sale void.” Rebuild America, Inc. v. Milner, 7 So.3d 972, 974(¶ 7) (Miss.Ct.App.2009) (internal citations omitted).
¶ 17. The majority is correct that failure to give proper notice to a lienholder renders that tax sale void. Mississippi Code Annotated section 27-43-11 (Rev. 2006) provides that the “failure to give the required notice to such lienors shall render the tax title void as to such lienors, and as to them only[.]” The majority interprets this to mean that notice to the principal owner, having been validly given, need not be re-noticed due to any deficient notice to the lienholder, thereby sanctioning a piecemeal conveyance. Obviously, the principal owner would be identified on any lien, and one can only imagine that the intent of the Legislature was that the principal owner would not have to be noticed also with the lienholder in addition to having received their separate individual notice. Nevertheless, failure to give a proper and correct notice in any respect whether as to the description or otherwise has rendered the tax deed void in its entirety. Surely, the Legislature has never intended to sanction piecemeal conveyances in tax sales. To do so would create havoc, confusion, and strange bedfellows to any other non-noticed existing co-owners. By the inclusion of this extra language, the Legislature may very well have proved Cicero’s admonition, “Summum ius summa injuria” (the more law, the less justice).
¶ 18. Without citing supportive authority, the majority interprets “as to them only” to mean that the tax sale is confirmed as to all others except those lienors who failed to receive proper notice. I do not imagine that the Legislature intended for tax-sale purchasers to retain land with a lien attached. If a tax sale is considered void, then the tax sale may not be certified. The Legislature intended that the purchaser of land at a tax sale “shall” receive “a perfect title with the immediate right of possession.” Miss. Code Ann. § 27-45-23 (Rev.2006). Mississippi law favors landowners retaining their property as opposed to a tax-sale purchaser receiving a windfall. The trade-off is the purchaser receives interest and penalties on his expenditure. To allow otherwise would open Pandora’s box and result in confusion in the ownership of property.
¶ 19. The purpose of providing notice is to allow owners or lienors the opportunity to redeem the land before the tax sale is certified. The Mississippi Attorney Gen *1253 eral’s Office has opined that “a chancery clerk may not certify a tax sale that is void due to the failure to give proper notice to a lienholder.” Miss. Att’y Gen. Op. No. 03-0506, Dew (Oct. 17, 2003); see also Miss. Att’y Gen. Op. No. 97-0101, Ladner (Mar. 21, 1997). If the tax sale cannot be certified, then “[p]roper notice should be provided to the lienholder [pursuant to statute] ... and the property should be sold at the next tax sale if the taxes are not paid.” Miss. Att’y Gen. Op. No. 03-0506, Dew (Oct. 17, 2003).
¶ 20. Furthermore, although there is scant case law on the subject, case law appears to support the proposition that tax sales are not voided piecemeal. See Reid v. Fed. Land Bank of New Orleans, 166 Miss. 392, 148 So. 392, 393 (1933) (affirmed the chancery court’s decision to void tax deed for failure to properly notice the lien- or); Gober v. Chase Manhattan Bank, 918 So.2d 840, 843(¶ 8) (Miss.Ct.App.2005) (affirmed the chancellor’s decision to void tax sale, reinstate deed of trust, and confirm title to the property to the lienor); see also Kron v. First Fed. Sav. & Loan Ass’n of Hattiesburg, 449 F.2d 865, 867 (5th Cir.1971) (upheld summary judgment in favor of lienor and current property owner, finding that expiration of the redemption period following sale of property at tax sale was fatal to the purchaser’s claim to the property in question and that the tax sale did not impair the lienor’s right to foreclose after the redemption period and convey the property to another).
¶ 21. The last part of section 27-43-11 reads as follows: “[A]nd such purchaser shall be entitled to a refund of all such taxes paid by the state, county or other taxing district after filing his claim therefor as provided by law.” Clearly, the Legislature anticipated this situation by crafting a remedy for the purchaser to receive a refund if such tax sale was deemed void. Since the Legislature has given the lienor the opportunity to redeem the land if properly given notice, I disagree with the majority that this particular language allows the tax purchaser an election of remedies. If the property had been redeemed, then the purchaser would be paid back the amount he paid at the tax sale and the amount he paid in taxes after the sale, including any interest, penalties, and costs provided by statute.
¶22. In regard to SKL Investments, Inc.’s request for damages, I agree that SKL is entitled to a refund of all taxes paid, but only after SKL files a claim for a refund.
¶ 23. For the foregoing reasons, I find that the chancellor abused his discretion in confirming the tax sale subject to American General’s lien.
MYERS, P.J., JOINS THIS OPINION. IRVING, J., JOINS THIS OPINION IN PART.