## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2021-CA-00033-COA

| | |
|---|---|
| NORMA ANDERSON, TUNICA COUNTY TAX COLLECTOR, AND RECHELLE SIGGERS, TUNICA COUNTY CHANCERY CLERK | APPELLANTS |

v.

| | |
|---|---|
| S & S PROPERTIES, LLC | APPELLEE |

DATE OF JUDGMENT:                12/09/2020
TRIAL JUDGE:                          HON. JON M. BARNWELL
COURT FROM WHICH APPEALED:   TUNICA COUNTY CHANCERY COURT
ATTORNEYS FOR APPELLANTS:     JOHN KEITH PERRY JR.
                                         GARRET TYJUAN ESTES
ATTORNEY FOR APPELLEE:          JON JERDONE MIMS
NATURE OF THE CASE:              CIVIL - REAL PROPERTY
DISPOSITION:                         AFFIRMED - 02/15/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., McCARTY AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1.     In August 2015, S & S Properties Inc. (S&S) purchased several parcels of real property at a tax sale held by the Tunica County Tax Collector's Office (the Tax Collector's Office).  In January 2019, S&S filed a complaint in the Tunica County Chancery Court against Norma Anderson, the Tunica County Tax Collector, and Rechelle Siggers, the Tunica County Chancery Clerk (collectively referred to as the County).  S&S asserted that the County failed to serve proper notice of the tax sales to the assessed property owners.  S&S therefore asked the chancellor to set aside the tax sales as void and to order the County to

refund S&S for the purchases of the subject parcels. Following a hearing, the chancellor denied the County's motion to dismiss the complaint and granted S&S's amended motion for summary judgment. In so doing, the chancellor set aside the subject tax sales as void and ordered the County to refund S&S the amounts of the purchase prices.

¶2. On appeal, the County argues the chancellor erred because (1) Mississippi Code Annotated section 27-45-27(2) (Supp. 2019), effective July 1, 2019, applies to S&S's 2015 tax-sale purchases, and (2) S&S therefore lacked standing to challenge the tax sales. Finding no error, we affirm the chancellor's judgment.

## FACTS

¶3. On January 22, 2019, S&S filed a complaint against the County to set aside and void tax sales involving real property purchased through an August 31, 2015 tax sale. S&S contended that the County failed to comply with the tax-sale notice statutes, and the parties subsequently agreed by stipulation that "[n]o sheriff's notice was issued or served for any of the subject tax sales . . . as required by [Mississippi] Code [Annotated section] 27-43-3 [(Rev. 2017)]." Following the chancellor's recusal, the Mississippi Supreme Court appointed a special judge to preside over the matter. After discovery, the parties signed an agreed order to grant S&S leave to amend its complaint and to join the assessed property owners. The County moved to dismiss the complaint, and S&S filed an amended motion for summary judgment. Following a hearing on the parties' motions, the chancellor denied the County's motion to dismiss and granted S&S's amended motion for summary judgment.

¶4. The chancellor entered his final judgment on December 9, 2020. Consistent with his

2

prior opinion entered on October 14, 2020, the chancellor found that S&S had standing to challenge the validity of the August 31, 2015 tax sales. Because the County failed to provide proper notice of the tax sales to the assessed property owners as required by statute, the chancellor ordered that the subject tax sales be set aside as void. The chancellor further required the County to refund the $35,467.32 that S&S paid to purchase the properties. Aggrieved, the County appeals.

## STANDARD OF REVIEW

¶5.     Where substantial evidence supports a chancellor's findings of fact, this Court will not reverse unless "the findings are manifestly wrong, [are] clearly erroneous, or amount to an abuse of discretion." *Panola Cnty. Tax Assessor v. Oak Inv. Co.*, 297 So. 3d 1122, 1126 (¶19) (Miss. Ct. App. 2020) (quoting *Cleveland v. Deutche Bank Nat'l Tr. Co.*, 207 So. 3d 710, 714 (¶17) (Miss. Ct. App. 2016)). For questions of law, however, we "employ[] a de novo standard of review and will only reverse for an erroneous interpretation or application of the law." *Id.* at 1126-27 (¶19) (quoting *Rebuild Am. Inc. v. Norris*, 64 So. 3d 499, 501 (¶7) (Miss. Ct. App. 2010)). This Court reviews a chancellor's grant of summary judgment de novo. *Yoakum v. Smith (In re Est. of Yoakum)*, 311 So. 3d 686, 689 (¶9) (Miss. Ct. App. 2021). We may only affirm a summary judgment ruling where the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c).

## DISCUSSION

¶6.     Because the chancellor had not yet entered his final judgment when the Legislature

3

amended section 27-45-27, the County contends that the amended version of the statute applies to S&S's claims. Under the amended version of section 27-45-27(2), the County argues that S&S lacks standing to challenge the tax-sale purchases. As a result, the County asserts that the chancellor erred by granting S&S's amended motion for summary judgment.

¶7. When S&S filed its complaint in January 2019, the supreme court's holding in *SASS Muni-V LLC v. DeSoto County*, 170 So. 3d 441, 449 (¶21) (Miss. 2015), applied and afforded tax-sale purchasers standing to challenge the validity of a tax sale. Specifically, the *SASS* court stated:

> Under Mississippi's liberal standing requirements, we find that a tax-sale purchaser has standing to challenge the validity of the sale under the notice provisions of the tax-sale statutes. A tax-sale purchaser undeniably holds an interest in the property, both prior to and after expiration of the redemption period, regardless of the validity of the sale. Upon the expiration of the redemption period, assuming all prerequisites for a valid tax sale were met, perfect legal title vests in the purchaser by operation of the tax sale, and the owner is divested of any interest in the property.

*Id.*

¶8. Effective July 1, 2019, the Legislature superseded the standing rule from *SASS* by amending Mississippi Code Annotated section 27-45-27 (Rev. 2017) to include subsection (2). *See* Miss. Code Ann. § 27-45-27(2) (Supp. 2019). As amended, section 27-45-27(2) states: "No purchaser of land at any tax sale, nor holder of the legal title under him by descent or distribution, shall have any right of action to challenge the validity of the tax sale."

*Id.*

¶9. In two recent cases, this Court determined that the amended version of section 27-45-27(2) failed to apply retroactively. *Bennett Tax Co. Inc. v. Newton County*, 298 So. 3d 440,

4

445 (¶¶10-11) (Miss. Ct. App. 2020); *Panola Cnty. Tax Assessor*, 297 So. 3d at 1129 (¶29). The County argues on appeal, however, that *Bennett Tax Co.* and *Panola County Tax Assessor* are distinguishable from the instant case because the final judgments in those matters had already been entered when the Legislature amended section 27-45-27. By contrast, the chancellor here had not yet entered his final judgment when the statutory amendment took effect. As a result, the County maintains that the amended version of section 27-45-27(2) applies to S&S's claims. Thus, even though the County has agreed that it failed to comply with statutory tax-sale notice requirements, it still asserts that S&S lost its standing under *SASS* to challenge the validity of the 2015 tax-sale purchases once the amended version of section 27-45-27(2) took effect. The County therefore argues that the chancellor erroneously granted S&S's amended motion for summary judgment.

¶10.   In *Durrant Inc. v. Lee County*, No. 2019-CA-01826-COA, 2021 WL 5896268 (Miss. Ct. App. Dec. 14, 2021) (motion for rehearing pending), which issued just last year, this Court considered the same argument that the County raises in the present matter. In *Durrant*, two companies "bought the same property at tax sales in 2016 and 2017, respectively, and later sued to set aside their purchases and obtain refunds . . . ." *Id.* at *1 (¶1). With regard to the 2016 tax sale, the companies alleged that the chancery clerk failed to send proper notice to the assessed property owner. *Id.* at (¶3). After finding that both companies lacked standing to assert their claims, the chancellor dismissed their complaint. *Id.* at (¶1). Similarly to the present case, the two companies had filed their complaint prior to the Legislature's amendment of section 27-45-27, but the chancellor had not yet entered a final

judgment when the amendment took effect. *Id.* at \*4-5 (¶¶19-20). In her final judgment, "the chancellor found that the amended version of section 27-45-27(2) applies retroactively because it precludes a tax-sale purchaser's ability to raise a cause of action, rather than a vested contractual or property right." *Id.* at \*4 (¶19). On appeal, this Court disagreed and found that one of the companies had standing to challenge the 2016 tax-sale purchase. *Id.* at \*5 (¶22).

¶11.    In reaching our determination in *Durrant*, we acknowledged the following:

> Every right or remedy created solely by the repealed or modified statute disappears or falls with the repealed or modified statute, unless carried to final judgment before the repeal or modification, save that no such repeal or modification shall be permitted to **impair the obligation of a contract or to abrogate a vested right.**

*Id.* at (¶21) (quoting *Cellular S. Inc. v. BellSouth Telecomms. LLC*, 214 So. 3d 208, 214 (¶16) (Miss. 2017)). Because—as here—the amendment to section 27-45-27 took effect prior to the entry of the chancellor's judgment in *Durrant*, we specifically noted that "the amendment must be applied unless it impairs the obligation of a contract or abrogates Durrant's vested right." *Id.* (emphasis omitted).

¶12.    "[T]o become vested, the right must be a contract right, a property right, or a right arising from a transaction in the nature of a contract which has become perfected to the degree that it is not dependent on the continued existence of the statute." *Bennett Tax Co.*, 298 So. 3d at 444-45 (¶9) (quoting *State ex rel. Pittman v. Ladner*, 512 So. 2d 1271, 1275-76 (Miss. 1987)). As we explained in *Bennett Tax Co.*,

> the court in *Price v. Harley*, 142 Miss. 584, 107 So. 673, 674 (Miss. 1926), held that an amended statute could not be applied if the application would

6

impair the obligation of an existing contract. In a remarkable on-point ruling, the United States Supreme Court stated in *Wood v. Lovett*, 313 U.S. 362, 369 (1941), "The federal and state courts have held, with practical unanimity, that any substantial alteration by subsequent legislation of the rights of a purchaser at tax sale, accruing to him under laws in force at the time of his purchase, is void as impairing the obligation of contract."

*Bennett Tax Co.*, 298 So. 3d at 445 (¶9).

¶13. Acknowledging our prior holding in *Bennett Tax Co.*, we stated in *Durrant* that "this [C]ourt has already held that retroactively applying section 27-45-27(2) 'would impair the obligations of contract and retroactively apply a statute that does not meet the statutory retroactivity test.'" *Durrant*, 2021 WL 5896268, at *5 (¶22) (quoting *Bennett Tax Co.*, 298 So. 3d at 445 (¶10)). In light of our prior caselaw, especially our recent holding in *Durrant*, we must reach the same conclusion here. We therefore find that the amended version of section 27-45-27(2) fails to apply to and prevent S&S's challenge to the 2015 tax-sale purchases. As a result, we affirm the chancellor's grant of summary judgment to S&S.

## CONCLUSION

¶14. Because we find no error in the chancellor's grant of summary judgment to S&S, we affirm.

¶15. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

7