BROWN v. CLARK et al.*

(Division B. March 23, 1925.)

[103 So. 211.  No. 24780.]

TAXATION.  *Tax title not invalidated by collector's error in marking tax receipt paid corrected before sale.*
     Under Code 1906, section 4332 (Hemingway's Code, section 6966), declaring that a tax deed shall not be invalidated except by proof of one of specified things, *held*, tax title was valid, though when the land was purchased at a trustee's sale the tax receipt had been erroneously marked by the tax collector as paid, and thereafter before the tax sale he corrected it.

*Headnote 1.  Taxation, p. 1481.

APPEAL from chancery court of Harrison county.

HON. V. A. GRIFFITH, Chancellor.

Suit by T. R. Brown against J. Preston Clark and others.  From adverse decree, complainant appeals.  Reversed and remanded.

*L. W. Maples,* for appellant.

'   Section 6966, Hemingway's Code, provides the form of the deed that the tax collector shall execute to the pur-

chaser at a tax sale. The chancellor held that the tax deed in the case at bar was void because the tax receipt stub in the tax collector's office of Harrison county, Mississippi, showed when abstracted, January 31, 1920, that the taxes had been paid by a party, who did not claim or have any interest in and to the lands here in controversy, and have not had, as far as this record discloses, for more than four years before the sale of said lands for the taxes by the tax collector to appellant.

We say that Nat Owen was not misled because he had not obtained, at the time that he made the purchase from C. S. Brown, any information from the records, but we say that it does not make any difference whether he had, or had not, obtained such information, at the time he purchased said land; that under the law, as we understand it, it is the duty of the tax collecter to collect taxes and when the taxes are not paid to sell the property for the taxes due thereon. The tax collector has authority to make tax receipts and collect the taxes. *North* v. *Culpepper,* 97 Miss. 730.

But the chancellor was manifestly wrong in his findings of the facts in this case, for the reason that at the time that the appellee in this case purchased the land here in controversy the land had been sold for the taxes by the tax collector for one year and three months, and the tax deed was then on file in the office of the chancery clerk. We say, with due respect for the chancellor and the court, that the record does not sustain or show that his finding of facts are true.

The defense made here is not such a defense as can be made to a tax sale. Section 6966, Hemingway's Code, limits the defenses that can be made to the confirmation of tax titles. *Reed* v. *Heard,* 97 Miss. 743; *Virden* v. *Bowers,* 55 Miss. 595.

*J. L. Taylor,* for appellees.

Under Code of 1906, section 4321, it is made the duty of the board of supervisors to furnish the tax collector

with a sufficient number of tax receipts printed in dupli-
cate, and the tax collector is required under section 4322,
Code of 1906, to give a tax receipt dated, numbered and
filled out, and to preserve a duplicate in his book, so as
to be an exact copy of it, and, under these sections, it is,
also, provided that the duplicate shall be preserved as a
record and turned over to the chancery clerk.  Under
section 1314, Code of 1906, there is a provision making
it a misdemeanor for the tax collector to fail to fill up
the duplicate tax receipt, required by law, and to preserve
the book, and turn it over to the chancery clerk.

This suit simply turns on this question—shall we give
full faith and credit to the public records referring to
land?  The law requires these duplicate tax receipts to
be filled up and preserved for the purpose, among other
things, of ascertaining if the taxes have been paid, and
this duplicate receipt showed that the taxes had been paid,
and the parties purchasing this property, having used
every due diligence in the world to ascertain if the taxes
were paid, found that they were paid as shown by the re-
ceipt authorized by law for such purposes.  The act of
the sheriff and tax collector in changing the receipt and
selling the land would be to vary public records to the
damage of people who had acted upon the record.  And
also, no supplemental assessment was made of this land,
and the tax collector was without authority to make any,
for the reason that the land had been regularly assessed.

The duplicate tax receipt, a public record, showed that
the taxes were paid on this land at the time when they
should have been paid, and the appellee had a right to
rely on the public records of the county.

*L. W. Maples,* in reply, for appellant.

We admit that the law requires the board of super-
visors to furnish the tax collector with a sufficient num-
ber of tax receipts printed in duplicate, and that the law
requires the tax collector to give tax receipts and that

he shall keep a duplicate copy of said tax receipts and file same in the office of the chancery clerk on the first Monday of September in each year, section 4325, Code of 1906. However, the same law of the state of Mississippi, section 4332, Code of 1906, provides what defenses can be made to a tax sale, and not one of these defenses was made by the appellee.

The defenses provided for in section 4325, Code of 1906, are affirmative ones, and the burden of proof is on the one asserting them. *Reed* v. *Heard,* 97 Miss. 743, 53 So. 400.

Argued orally by *L. W. Maples,* for appellant.

HOLDEN, P. J., delivered the opinion of the court.

The appellant, T. R. Brown, filed this suit to confirm his tax title to the South East quarter of the North West quarter of section 2, township 7, range 11 W., Harrison county, Miss. Brown was the purchaser of the land at a tax sale for the taxes of 1919. The assessment, sale, and deed by the tax collector were regular in all respects, and after the expiration of the statutory period of two years Brown filed this bill to confirm.

The appellee J. Preston Clark answered the bill, and alleged that the tax title was void for the reason that his predecessor in title, Nat Owen, purchased the land under a trustee's sale on January 5, 1920, and that at that time and until January 31, 1920, the records of the tax collector's office, that is, his tax receipt record, showed the taxes for the year 1919 had been paid by the Harrison County Naval Stores Company; that the original tax receipt had been torn out of the tax collector's book and the duplicate, or stub, was marked paid; that this duplicate showed the land assessed to the Naval Stores Company together with other lands belonging to that company, and was marked paid. It afterwards appeared from the tax collector's receipt book that the

land in question was stricken from the original tax receipt and the duplicate, and appeared again upon a tax receipt as being unpaid.

The appellee contended that on account of the tax recceipts in the tax collector's office having induced him to believe that the taxes on the land involved had been paid for the year 1919, he innocently purchased the land at the trustee's sale, and because the tax collector's record, the stub, or duplicate, showed that the taxes for 1919 had been paid, a subsequent sale by the tax collector was void because the tax collector had no legal right to change his tax receipt records and restore the land upon the roll after he had marked the stub paid, and thus misled appellee's predecessor in title.

On the hearing of the cause, the chancellor held, on the facts introduced in evidence, that the tax receipt records of the tax collector's office showed the taxes were paid for 1919, and that appellee's predecessor in title, Nat Owen, had the legal and equitable right to rely upon the correctness of the records of the tax collector's office when he bought the land on January 5, 1920, and that the tax collector was without authority to thereafter change his receipt record so as to show the taxes had not been paid upon the land, and that the sale for the collection of taxes for 1919 was therefore void and the tax deed to appellant conveyed no valid title.

No effort was made by the appellee to show that the taxes on the land for the year 1919 had in fact been paid. The corrected tax receipt records in the collector's office disclosed that the taxes were not paid. The correction of what appears to have been a mistake as to the payment of the taxes by the Naval Stores Company was corrected by the tax collector, so far as this record shows, on the 1st day of February, 1920, or afterwards.

The decree of the chancellor goes upon the theory that since the records in the tax collector's office showed the taxes had been paid, the purchaser, at the trustee's sale January 5, 1920, "purchased it upon the faith of the

public records, i. e., that the taxes had been paid," and for this reason he had "a right to assume the land was not burdened with a lien for the taxes," and that the collector had no right to put the land back on the tax receipt and duplicate in his receipt book, even though the taxes had not been paid and the tax collector had made a mistake in marking the receipts paid and had corrected the mistake before advertisement and sale.

### Opinion.

Under section 4332, Code of 1906 (section 6966, Hemingway's Code), it is provided, in substance, that a tax deed vests a perfect title in the purchaser, and that such conveyance shall not be invalidated in any court except it be proven that the land was not liable to sale for taxes, or that the taxes had been paid, or the sale was made at the wrong time or place.

Now, as we understand the law, the appellant's tax title to the land was good upon its face, and before it could be invalidated it was incumbent upon the appellee to prove one of the exceptions named in the statute above, to-wit, that the land was not liable for taxes, or that the taxes had been paid or the sale had been made at the wrong time or place. The appellee made no such proof, nor did he attempt to do so, but relied upon the fact that the tax collector had deceived appellee's predecessor in title by marking paid the tax receipt duplicate in his office, and that therefore the act of the tax collector canceled the claim of the state for the taxes due on the land, and that consequently the subsequent sale to collect the taxes was void.

We do not think the act of the tax collector in marking the tax receipt paid and then changing it, so as to show in truth the taxes were not paid on the land, was sufficient to invalidate the sale to collect the taxes. The error of the tax collector—and we may say here that no fraud is charged against any one in the case—may have misled and damaged Nat Owen, the purchaser of the land in January, 1920, and it may be, though we do not decide,

that he would have a right of action against the tax collector on account of the injury done by erroneously marking the tax receipt duplicate paid; but we fail to see why or how any of these things could invalidate the tax sale to collect the taxes due the state. *Clymer* v. *Cameron et al.,* 55 Miss. 596; *John H. Moores* v. *Stanley O. Thomas,* 95 Miss. 644, 48 So. 1025; *John H. Reed* v. *James F. Heard,* 97 Miss. 743, 53 So. 400.

We cannot conceive of any principle of law that would' estop the state from collecting the taxes due upon land by a sale thereof if the assessment and sale, and other essential requirements, were regular and were not within any of the exceptions of the above statute. The purchaser at the tax sale, the appellant, did nothing to mislead the appellee. The taxes on the land for 1919 were not paid, and this fact appeared on all of the proper records on and after February 1, 1920, and it is the duty of a taxpayer to ascertain whether taxes have been paid on his land, and to pay them or see that they are paid in due time, or else redeem the land within two years after the tax sale. We do not think mistakes in the tax collector's office such as occurred in this case, can defeat the tax assessment and sale for a collection thereof.

In view of the conclusions herein reached, the decree of the lower court will be reversed and the cause remanded for further proceedings.

*Reversed and remanded.*