LAMAR LIFE INS. CO. v. MENTE & CO., INC.

(Division A. Jan. 17, 1938. Suggestion of Error Overruled March 14, 1938.)

[178 So. 89. No. 32943.]

Wells, Wells & Lipscomb and L. O. Smith, Jr., all of Jackson, for appellant.

Gardner & Backstrom, of Gulfport, for appellee.

482

Argued orally by **L. O. Smith, Jr.**, for appellant and by **Oscar Backstrom**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

George W. Billups exhibited an original bill of complaint against the appellant and others, alleging that he had purchased a lot in the city of Biloxi at a sale for taxes thereon, and that the appellant claimed title thereto. The prayer of the bill was for the quieting of the complainant's title and the cancellation of the title claimed by the appellant. After the filing of the bill of complaint, Billups sold the land to the appellee. The appellant answered the bill, alleged that the claimed tax title to the lot was void, and that it, the appellant, owned the

lot. The decree was in accordance with the prayer of the bill, and as the appellant was in possession of the lot, process was awarded the appellee for dispossessing the appellant and putting the appellee in possession.

On August 1, 1930, the then owners of the land executed a deed of trust thereon to the appellant to secure an indebtedness due by the grantors to it. This deed of trust was foreclosed in February, 1935, and the appellant purchased the land at the foreclosure sale. The state and county taxes on the land for the year 1931 were not paid, and it was sold therefor on September 19, 1932, to George W. Billups, to whose title the appellee has succeeded.

The appellant says that the appellee's tax title is void for several reasons. But the conclusion we have reached as to one of them renders it unnecessary for us to discuss the others.

The one for discussion is this: Did the chancery clerk fail to comply with the requirements of sections 3259, 3260, and 3261, Code 1930? If he did so fail, the tax title is void.

These sections provide:

"3259. It shall be the duty of said clerk of the chancery court to examine the record of deeds, mortgages and deeds of trust in his office for a period of six years prior to the date of sale to ascertain the names and addresses of all mortgagees, beneficiaries and holders of vendors liens of all lands sold for taxes, and shall, within the time fixed by law for notifying owners, send by registered mail to all such lienors so shown of record the following notice, to-wit: [form of notice omitted]."

"3260. The notice shall be mailed to said lienors, if any, to the post-office address of the lienors, if such address is set forth in the instrument creating the lien, otherwise to the post-office address of said lienors, if actually known to the clerk, and if unknown to the clerk then addressed to the county site of the said county."

"3261. Upon completing the examination for said liens, the clerk shall enter upon the tax sale book upon the page showing the sale a notation to the effect that such examination had been made, giving the names and addresses, if known, of said lienors, the book and page where the liens are created, and the date of mailing by registered mail the notice to the lienors. If the clerk find no liens of record he shall so certify on said tax sale book. In each instance the clerk shall date the certificate and sign his name thereto."

Section 3262, Code 1930, provides that "a failure to give the required notice to such lienors, shall render the tax title void as to such lienors, and as to them only."

The notation made by the clerk on the record was as follows: "Examination by me made as to lienors of land herein sold, and notice required by law mailed to Lamar Life Insurance Company, and L. B. Jones, Trustee, Jackson, Miss., lienors as per d/t recorded Book 77, page 283. This the 10 day of July, 1934. Eustis McManus, Clerk." This notation, it will be observed, fails to set forth that the notice was sent to the appellant, The Lamar Life Insurance Company, "by registered mail." The appellee says this omission is of no consequence for two reasons: (1) The certificate sets forth that the notice was mailed to the Lamar Life Insurance Company, and that it was mailed in the manner provided by the statute will be presumed; and (2) that if the Lamar Life Insurance Company actually received notice, whether it was forwarded by registered mail is immaterial, as this record does not disclose that the notice was not actually received, and its receipt will be presumed until the contrary appears.

Neither of the invoked presumptions is here applicable. The statute expressly provides what the clerk shall do and what the evidence thereof shall be. When a chancery clerk, in obedience to this statute, sends the required notice by registered mail, whether the lienor re-

ceives it or not is of no consequence, for the statute will have been complied with. The fact that the notice was forwarded by registered mail is not permitted by the statute to rest in parol, but must appear from the notation thereof by the chancery clerk on the record, and unless this notation is made, the fact, in legal contemplation, does not exist. Ita lex scripta est.

The decree of the court below will be reversed, and the bill of complaint will be dismissed.

So ordered.