Pace *v.* Wedgeworth.

(In Banc.   Feb. 12, 1945.   Suggestion of Error Overruled March 12, 1945.)

[20 So. (2d) 842.   No. 35780.]

(1)

**Harmon D. Young,** of New Augusta, and **Heidelberg & Roberts,** of Hattiesburg, for appellant.

**E. C. Fishel,** of Hattiesburg, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the court.

This is a suit filed by appellant in the Chancery Court of Perry County, as complainant, pursuant to provisions

of Chapter 309, Laws of 1940, in which he seeks to have confirmed and quieted in himself, as patentee from the state, the title to certain lands, including the West half (W½) of the Southwest quarter (SW¼) and the Southeast quarter (SE¼) of the Northwest quarter (NW¼) of Section 21, Township 4 North, Range 11 West, in Perry County, Mississippi, which in 1932 were assessed to the Commercial National Bank, of Hattiesburg, Mississippi, and sold in September, 1933, to the State of Mississippi for failure to pay the taxes for the year 1932. There were joined in the bill certain other lands shown to have been assessed to another party, and sold at the same time for the same reason; but such lands, and their sale, need not be discussed in view of the conclusion we have reached.

Section 1 of the Act referred to above provides that any patentee claiming title or other interest in lands, by virtue of any patent issued by the state, forefeited to the state for nonpayment of taxes, or through any such patentee, whether in possession or threatened to be disturbed in possession, may proceed against the state by a bill in the chancery court of the county where the land, or some part of it, is situated, to have such title or interest confirmed and quieted; and in such proceedings the act requires that the summons be served on the Attorney General, and that he appear for the state, "and the suit shall be proceeded with as if it were between private persons."

The lands involved here were sold to one Ellis B. Cooper on February 12, 1932, under the directions of an order of the United States District Court, by the receiver of the aforesaid Commercial National Bank. On April 30, 1932, Cooper conveyed the lands to A. B. Wedgeworth, husband of appellee, by a quitclaim deed, the consideration for which was $2,500, evidenced by the promissory note of Wedgeworth to Cooper, due one year from date, and bearing interest at the rate of six per cent per annum. And payment of the same was secured by a

trust deed on said lands. This trust deed was duly acknowledged and recorded May 24, 1932, in the office of the chancery clerk of Perry county, in Land Mortgage Record Book 14, p. 488.

This note and trust deed were assigned, on May 25, 1932, by Ellis B. Cooper to the city of Laurel, Mississippi, in the following language: "I hereby transfer the indebtedness herein described and the instrument hereto attached being the deed of trust recorded in Land Mtg. Record Book 14 Page 488 of the records of Perry county, Miss., to City of Laurel, Miss., a municipal corporation. This the 25th day of May, 1932."

On the bottom of the trust deed on the record is entered above assignment signed by Ellis B. Cooper, and witnessed by J. R. Jennings, and, also, this certificate or attestation signed by the clerk, W. I. Martin, by H. O. McSwain, Deputy Clerk, "The above assignment filed and recorded the 2nd day of June, 1932." Objection was made to the introduction of the assignment as not having been acknowledged, and not recorded, and not a charge of notice to the persons here involved.

Section 2150, Code 1930, provides as follows: "When the indebtedness, or any part thereof, secured by a mortgage, deed of trust, or other lien of record shall be assigned by the person appearing by the record to be the creditor, he shall be required by the assignee to enter the fact of the assignment on the margin of the record of the lien."

We, therefore, hold that the objection was not well taken, and should have been overruled, but as to which the chancery court made no ruling.

But the argument is made by the appellant in his brief that the city of Laurel had no right to accept the assignment of this debt and note and trust deed, and had no right later to accept a deed from Wedgeworth in consideration of the surrender of his note, and the cancellation of his debt, or to convey the lands to the Richton

Tie and Lumber Company, as will appear later in this opinion, it did. We think this objection is without merit.

The city had authority to make this loan under two sections of the Code: Section 2503, Code 1930, now Section 3612, Code 1942; and Section 5987, Code 1930, now Section 4347, Code 1942. We must presume the municipality, through its officers, brought itself within the authorization of the statutes. Having done so, as an incident to the trust, upon foreclosure, the city had a right to buy for protection of its loan; and having bought, it was its duty to sell, unless the lands were to be put to some authorized municipal purpose, as soon as expedient, which it did. Besides, a complaint of ultra vires against a municipality is a matter for the state, and not for private litigants in a personal litigation. It follows, then, that we think the municipality was functioning with authority in this case.

On September 18, 1933, as set out supra, the lands were sold to the State of Mississippi, and on August 14, 1937, A. B. Wedgeworth conveyed the lands to the city of Laurel in consideration of the extinguishment of his debt to the city by a quitclaim deed. On February 1, 1938, the city of Laurel conveyed it by a quitclaim deed to the Richton Tie and Lumber Company, and this grantee ten days later conveyed it by a warranty deed to Mrs. Ethel Wedgeworth, appellee, and wife of A. B. Wedgeworth, original purchaser from the receiver of the Commercial National Bank of Hattiesburg.

The list of the lands sold to the state at the same time and place, including the lands here involved, was reported to the State Land Commissioner the 25th day of November, 1936. On July 30, 1941, the state issued its tax forfeited land patent to appellant, who filed this suit January 14, 1942, in which process was duly served on the Attorney General, as provided specially in the act under which the suit was brought.

It is to be noted that during the events involved in this litigation, through the years, the record reflects that

after the sale by Ellis B. Cooper to A. B. Wedgeworth, and after the purchase by his wife, the appellee, from the Richton Tie and Lumber Company, and at the time of the filing of the original bill by appellant against the state, the various grantees in the conveyances, except the patentee appellant, had been and were in possession of the lands. The appellee, within less than three months after appellant filed his suit against the state for confirmation of his forfeited land tax patent, filed her petition to intervene and assert her title and possession, and charging the invalidity of the tax sale. See Lee v. Smith, 189 Miss. 636, 198 So. 296, discussing Chapter 196, Laws 1934, now Section 717, Code 1942.

Mrs. Wedgeworth, appellee, on April 7, 1942, filed her said petition to intervene in the suit between the appellant and the state, claiming to be the owner, and in possession of the lands formerly owned by, and assessed to, and sold as the property of, the Commercial National Bank of Hattiesburg, being the W½ of the SW¼ and SE¼ of the NW¼ of Sec. 21, T. 4 N., R. 11 W. She further alleged that ever since the 11th day of February, 1938, she, as the owner, had continuously occupied said premises and put valuable improvements thereon, and at the time was occupying the same as a home. She attacked the sale as void, because, when sold, the said lands were part of, and connected with, the N½ of the NW¼, Sec. 28, all being one contiguous tract, and due to be sold as one tract at one sale. But it was charged that they were sold in two separate sales. She also averred that at the time of the sale of the lands, and what would have been the maturity of the title in the state, the said lands were mortgaged to the city of Laurel, and notice was not given to the lienor of the sale as required by law; and she charged that at the time the property was certified to the state the city of Laurel was the lienor, alleging same was noted on the tax sale record in the chancery clerk's office; and, also, other grounds to be set out at the hearing.

.. The petition prayed for appellee to intervene and file. an answer and cross-bill as to that part of the lands patented to the complainant and claimed by her, and to assert all of her right, title and interest in said land, and prevent said forfeited land tax patent from being a cloud on her title.

A demurrer was filed by the state, but no action was taken on the demurrer by the court, and it seems to have been ignored by all concerned. The state then filed its answer, averring that, after investigation, the state could not deny the averments of the original bill by appellant, and neither admitted nor denied them, but demanded strict proof—being the usual form of answer filed by the state under such circumstances in such cases. After the filing of this answer, it does not appear that the state participated further in any way in the litigation which was waged thereafter between the appellant, Pace, and the appellee, Mrs. Wedgeworth, who was permitted by the court to intervene as she had prayed, in the following decree: "This cause came on to be heard on the petition of Mrs. Ethel Wedgeworth to intervene in said cause and propound her claim to the three forties of said land described in said petition as SE¼ NW¼ and W½ of SW¼ of Sec. 21, Tp. 4, N., R. 11 West, and said petition is heard and there being no objection made thereto by complainant, the same is granted. It is therefore ordered and decreed, that said Mrs. Ethel Wedgeworth be and she is hereby permitted to file her petition, bill or cross-bill or other pleading that may be appropriate and proper to set forth her interests in the aforesaid lands, and that she be a party to said proceedings, for all purposes. So ordered and decree, this the 4th day of May, 1942."

The record contains this further decree: "By agreement of all parties in open court this cause is set for hearing before the Chancellor in vacation, at a time and place to be agreed upon by the parties or fixed by the court, and it is further agreed that Ethel Wedgeworth may propound her claim to the said land and complainant may

answer same or file any other pleading herein and the cause heard on all issues.''

The appellee, Mrs. Wedgeworth in the cross-bill filed by her, did not ask or obtain process thereon to be served on the State Land Commissioner, and it is argued that this should have been done. But since Chapter 309, Laws 1940, is a special procedure for a particular form of proceeding against the state to accomplish one purpose under peculiar circumstances, the general statutes as to service on, or making the Land Commissioner a party on behalf of the state, do not apply, and compliance with Chapter 309, supra, is the only thing required. It is therein specifically and definitely directed, ''in such proceedings the summons shall be served on the attorney general in the mode prescribed by law for the service of a summons in other cases; and he shall appear for the state, and the suit shall be proceeded with as if it were between private persons.'' The appellant answered the cross-bill of appellee, and inasmuch as all these things were done, and were required and authorized by the very act under which appellant sues, we are of the opinion that the answer to the argument must be its rejection, that suit was properly permitted as an intervention, all necessary process was had, and the proper procedure was followed as to the pleadings, process and trial.

In her answer and cross-bill to the original complaint filed by appellant against the state, as set out supra, appellee deraigned her title from the government down, and among other links in her chain of title, set out the conveyances already referred to by us. It was agreed in the record that the title came out of the United States Government to Commercial National Bank of Hattiesburg, so far as the lands involved in the controversy between appellee and appellant were concerned, to wit: Southeast ¼ of Northwest ¼ and the West ½ of the Southwest ¼ of Section 21 in this litigation. The claimed title was traced through mesne conveyances to the purchaser by appellee from the Richton Tie and Lumber

Company, by virtue of which appellee claims to have been the owner of said lands on February 11, 1935, which were sold on September 18, 1933, for default in payment of taxes for 1932. She further averred and charged that said tax sale was void for a number of reasons assigned, and the chancellor sustained her as to two; but since we are convinced that the chancellor was unquestionably right as to the one, we think it profitable only to give our views as to that one phase of the decision by the chancellor, as it disposes of the case, without necessity of the other feature, as we have said.

The cross-bill charged that said sale was void, among other reasons as stated, "Because on April 30, 1932, there was due and owing by A. B. Wedgeworth to the city of Laurel, Mississippi, the sum of $2,500.00, together with interest accumulated thereon which was secured by the said deed of trust recorded in Book 14, pages 487-8, of the Record of Mortgages and Deeds of Trust on land in Perry county, Mississippi, which said deed of trust was in full force and effect, and by reason of said deed of trust it became the duty of the chancery clerk to send a notice by registered mail to the city of Laurel, as lienor, of the fact of said sale on the notice of the expiration of the time of redemption, and this the said chancery clerk wholly failed and neglected to do; and no notice was made, issued or sent by registered mail in the manner as required by law and none was received by said city of Laurel, Mississippi."

The prayer of appellee's cross-bill was that the court, "will grant unto this cross-complainant a decree adjudging her to be the true owner of said lands and cancelling the forfeited tax land patent recorded in Book O-O, Page 343 . . . as being a cloud on the title of cross-complainant. Complainant prays for general relief."

The answer of appellant and cross-defendant denied the allegations of appellee's cross-bill, which denial as to the deraignment of title, however, was revoked by the agreement above set out to the effect that the title to

the lands in controversy had passed out of the United States Government and passed into the Commercial National Bank of Hattiesburg. That part of the answer to the cross-bill dealing with the claimed invalidity of the tax sale because the chancery clerk failed to give the notice to the lienor, city of Laurel as required by law, is as follows: "The cross-defendant denies that the tax sale and tax patent were and are void because on April 30th, 1932, there was due and owing by A. B. Wedgeworth to the city of Laurel, Mississippi, the sum of $2,500.00 and he denies that any indebtedness due by A. B. Wedgeworth against the land would have any effect whatsoever on the sale to the State of Mississippi or the title passing thereunder, and he denies that the authorities failed to comply with the law and denies that any neglect or failure of the chancery clerk of Perry county, Mississippi, would in any way affect the title as passed to the State of Mississippi in said tax sale under the laws then existing on the subject."

The chancery court heard the cause and at the trial entered a final decree sustaining the contentions of cross-complainant and appellee on two points, one of which was lack of statutory notice to the lienor. That portion of the decree was: "The Court further finds that on April 30, 1932, there was due and owing to the city of Laurel, Mississippi, a deed of trust executed by A. B. Wedgeworth in the sum of $2500.00, and that this said deed of trust was a lien on all the lands involved in this suit at the time of the said pretended tax sale and at the time that the title would have matured in the State of Mississippi if said tax sale had been valid and the Court finds that there was not made any record showing that notice had been sent to the said lienor by Registered Mail notifying said lienor of said tax sale and its date of maturity as required by law, and that said tax sale to the State of Mississippi on September 19, 1933, was void for this reason, and the Court finds, therefore that the cross-complainant,

Ethel Wedgeworth, is entitled to the relief prayed for in her said cross-bill."

She was thereupon declared to be the true and lawful owner of the lands involved in this controversy, and her title thereto quieted and confirmed as against appellant, and the forfeited land tax patent from the State of Mississippi canceled so far as it purported to convey said SE¼ of NW¼ and W½ of SW¼ of Section 21, T. 4 N., R. 11 W.

And hence this appeal.

Chapter 241, Laws 1922, Sections 3259-3262, Code 1930, Sections 9943-9946, Code 1942, are the statutes governing the matter of notices to lienors involved in sales of lands for defaulted taxes. These statutes provide that it shall be the duty of the chancery clerk to examine the land records and send by registered mail, in a form of notice prescribed, to all lienors as thus ascertained that the particular land had been sold for taxes on a certain date. And title would become absolute in the purchaser unless redemption from said sale be made before a certain date. The notice is required to be mailed to lienors if their address be set out in the instrument creating the lien, otherwise to their postoffice addresses if known to the clerk, and if unknown to the clerk, to the county seat. The clerk is required, upon completion of this examination for liens, to enter upon the tax sale book upon the page showing the sale a notation to the effect that such examination has been made, giving the names and addresses, if known, of the lienors, and the book and page where the liens are created, and the date of mailing by registered mail of the notice to lienors. And the statute also provides: "And a failure to give the required notice to such lienors, shall render the tax title void as to such lienors, and as to them only."

Copies of the pages from the pertinent tax records, introduced in evidence at the trial, show conclusively that no such entries or certificates were entered on such records of the doing of the things the clerk was required

to do, and certify he did. The only entry that even intimated a suggestion that the chancery clerk had in mind his duties in this regard was this, "Notices mailed by registered mail August 19, 1936." The date, "August 19, 1936," was apparently written or typed under a printed heading, "Notices mailed by registered mail." This brief memorandum was not signed or dated, and does not comply with the statutes above set out; and it is manifest that the clerk, furthermore, did "not date the certificate and sign his name thereto." There was no legal certificate to sign or date, as required by law. This safeguard by means of the certificate was probably provided by the legislature to prevent mere writing on the record page from having evidentiary value, and to furnish a check and support of the authority of the entry and its official nature as the act of the clerk, so that it would have dependable probative value; and to avoid evidence becoming unavailable because of the death or removal of witnesses, or the impairment of its value through treachery of the human memory due to lapse of time.

The city of Laurel held this lien, and was, therefore, the lienor, and there was no junior mortgage proven in the record, and since the chancery clerk's notation on record did not show notice sent by registered mail as required to be shown by the statute, the tax sale was void as to the city of Laurel. Lamar Life Ins. Co. v. Mente & Co., 181 Miss. 479, 178 So. 89, 90. The Court said in the Lamar Life Ins. Co. case, supra: "The statute expressly provides what the clerk shall do and what the evidence thereof shall be."

A mere memorandum or note on the tax record page is not sufficient. There must be the certificate specifically required by the act and dated and signed by the clerk. There is no such certificate in this record.

It is true this memorandum, for it is no more than that, says that notice was sent by registered mail on the date given, but the only entry permitted by the statute to

have effect, and to have probative value must be a certificate dated and signed by the clerk in accordance with the prescribed procedure set out in the statute. This evidence cannot rest in parole and cannot be produced except by the certificate in the manner and form required by the statute, and this memorandum does not conform to the statute, and furnishes no acceptable or competent evidence that proper notices were given the lienor as required by law, and the sale, therefore, was void.

Since the tax sale was void as to the city of Laurel, the tax sale could not and did not impair or destroy the right of the city to convey the lands to the Richton Tie and Lumber Company, and the right of the lumber company to convey to Mrs. Ethel Wedgeworth, appellee.

Section 2150, Code 1930; Section 871, Code 1942; M. L. Yates et al. v. W. K. Mead et al., 68 Miss. 787, 10 So. 75.

So, in our opinion, the decree of the chancery court was correct, and should be affirmed.

Affirmed.