SANTA CRUZ *v.* STATE OF MISSISSIPPI, et al.

No. 39529          March 28, 1955          78 So. 2d 900

*Clare S. Hornsby, John Sekul, Louis Hengen,* Biloxi, for appellant.

*Amy Burkett,* Ocean Springs; *John W. Bryan, Jr.,* New Orleans, Louisiana, for appellees.

GILLESPIE, J.

This is a suit to confirm a tax sale. The chancellor held the tax sale void on two grounds: (1) Because no notice of the expiration of the period of redemption was given appellee's predecessor in title who held a recorded deed of trust on the lands, and which deed of trust had

not been cancelled of record; and (2) because the lands involved constituted one contiguous tract owned by the same person, and were sold in two separate sales of 40 acres each, contrary to the provisions of Section 3249, Mississippi Code of 1930.

On November 26, 1929, Russell conveyed to George Leavenworth the lands involved, the S½ of SW¼. Leavenworth executed and delivered to Russell a deed of trust on the lands which was duly recorded, and no cancellation of record has ever been made thereon. The tax sale here involved was made September 17, 1934, at which time the land was assessed to Leavenworth. The land was struck off to the State. On December 31, 1934, the Hibernia Bank and Trust Company purchased the notes and deed of trust given by Leavenworth to Russell. On March 9, 1935, Leavenworth executed and delivered to Hibernia Bank and Trust Company a quit claim deed "in consideration of the cancellation of my certain promissory notes secured by deeds of trust upon the hereinafter described property, said notes and deeds of trust being now held by the Hibernia Bank and Trust Company, in liquidation, and said deeds of trust being of record" in certain books and pages of the records of Jackson County. This deed was duly recorded. There was no redemption from the tax sale. On November 15, 1946, the State of Mississippi issued to appellant a forfeited tax land patent under which he claims title. Appellee succeeded by mesne conveyances to the title, if any, of the Hibernia Bank and Trust Company. No notice of forfeiture was ever given to Hibernia Bank and Trust Company.

Sections 3259 and 3260, Code of 1930, required the clerk to notify by registered mail all "lienors" that title to the land on "which you have a lien" will become absolute in the purchaser at the tax sale unless redeemed on or before a certain date—the expiration of the time for redemption.

■ ■ The failure of the clerk to give the notice to a lienor or to note on the record that it was given in the manner prescribed by statute renders the tax sale void as to such lienor only. Lamar Life Insurance Co. v. Mente, 181 Miss. 479, 178 So. 89. But the failure to give such notice to the owner of the land does not affect the validity of the sale. Sections 3258 and 3262, Code of 1930.

When Leavenworth gave the deed to Hibernia Bank and Trust Company in consideration of the cancellation of the notes secured by the deeds of trust, there was a merger of the lesser estate in the greater. There were no liens junior to the one held by Hibernia. When the time arrived in 1937 for the giving of the forfeiture notice required by Sections 3259, et seq., of the Code of 1930, Hibernia had been the owner of the land for over two years. The notes secured by the deed of trust on the lands involved had been cancelled by the acceptance of the deed by Hibernia. Full title to the lands was vested in Hibernia.

"Ordinarily the purchase or acquisition of the equity of redemption in mortgaged premises by the mortgagee results in a merger of the two estates, vesting the mortgagee with the complete title, and putting an end to his rights or title under the mortgage." 59 C. J. S., Mortgages, Merger and Extinguishment, Section 437, p. 672. In order to constitute a merger, the two estates or interest must unite in the same person in the same right, and the interest acquired must be the entire estate. Ibid., p. 674.

The question whether a conveyance of the equity to the mortgagee results in a merger of the mortgage and fee is primarily one of intention which may be declared expressly, or, in the absence of an expressly declared intention, it may appear from the conduct of the parties and the circumstances and equities of the transaction. Among the circumstances indicating an intent to effect

a merger, after acquiring the equity, is the conveyance by the mortgagee of the property to a stranger. It is generally considered that when a mortgagee acquires the equity of redemption, the presumption is that he intends to extinguish his mortgage interest by merger, and the party alleging that the merger did not result has the burden of proving by a preponderance of the evidence an intention that there should be no merger. 59 C. J. S., Mortgages, Section 440.

The record in this case reveals no circumstances or facts from which it could be said that it was the intention of Hibernia to keep its deed of trust alive. The conduct of the parties indicates an intention that a merger was intended. We think this was conclusively shown by the subsequent conveyance of the property to a stranger and the deed of trust was never foreclosed.

■■■ We conclude that there was a merger of the estates in Hibernia and it was not entitled to notice required by the statutes to be given to "lienors."

■■■ The remaining question is whether there were two sales of one contiguous tract of land assessed to one owner in violation of Section 3249 of the Code of 1930. It is not necessary that we lengthen this opinion by a statement of what the tax sale record showed in reference to the sale, except to state that the record of the tax sale was substantially the same as the sale discussed in the case of State, et al v. Wilkinson, 197 Miss. 628, 20 So. 2d 193. Therefore, as far as the record of the tax sale is concerned, the chancellor was in error in holding the tax sale void on the ground that there were two sales of one contiguous tract assessed to the same owner. ■■■ But in this case, the sheriff who made the sale in 1934 testified, over the objection of appellant, that he sold the two tracts of 40 acres each in separate sales; that he sold every tract as he came to it as independent tracts; but he admitted on cross-examination that he was testifying "only by record," and added, "that is why I

keep a record." We reject the testimony of the sheriff as being valueless since we have already construed substantially the same record, and have held that it is insufficient to show that more than one sale was made. ██ █ In this case, as was true in the Wilkinson case, the sheriff certified his list of lands sold to the State for delinquent taxes that the tax sale was made "pursuant to the requirements of law." Such a record imports verity, and we hold that the sheriff who made the record may not destroy this verity by testifying only from the record. As to whether the sheriff's statements that there were two separate sales would have been admissible if he had testified from independent recollection, we find it unnecessary to decide.

Since the chancellor was in error on the two grounds on which he held the tax sale void, the case should be, and is hereby, reversed and judgment rendered for appellant.

Reversed and judgment here for appellant.

*Roberds, P. J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.