## De Fraites *v.* State, et al.

No. 40103          April 2, 1956          86 So. 2d 664

*Amy Burkett,* Ocean Springs; *John W. Bryan, Jr.,* Pascagoula, for appellant.

*Watts & Colmer,* Pascagoula; *W. S. Benedict,* New Orleans, Louisiana, for appellees.

LEE, J.

The record in this case shows that the appellant's claim of title is based on the same initial conveyances between Russell, Leavenworth and the Hibernia Bank & Trust Company, and the lack of notice to a claimed lienor under Sections 9943-4, Code of 1942, as were relied on by the appellees in the case of Santa Cruz v. State of Mississippi, et al., 223 Miss. 617, 78 So. 2d 900. The opinion in that case rejected such contention in these words: "When Leavenworth gave the deed to Hibernia Bank and Trust Company in consideration of the cancellation of the notes secured by the deeds of trust, there was a merger of the lesser estate in the

greater. * * *'' In other words, Hibernia Bank & Trust Company, upon receipt of the quitclaim deed from Leavenworth, became the owner of the lands and was such owner prior to the expiration of the period of redemption. Thus, it was said, ''* * * the failure to give such notice to the owner of the land does not affect the validity of the sale. Sections 3258 and 3262, Code of 1930.''

The chancellor held that the tax sale to the State on September 20, 1932, was void because the lands were contiguous and were owned by the same party, but were assessed and sold in separate tracts, contrary to Section 3249, Code of 1930; that the sheriff and tax collector was competent to testify as to the manner of the sale; and that he had testified that the lands were sold in separate parcels. However, he held that, from the evidence, the defendants had acquired title by adverse possession under Section 717, Code of 1942.

■■ ■ This case was tried prior to the decision, on March 28, 1955, in Santa Cruz v. State, supra. There is no substantial difference between the testimony of the sheriff and tax collector in that case and his testimony in this case. Such testimony was rejected in that case as being valueless and insufficient to show that more than one sale was made. Consequently, for the same reason, this testimony must be rejected in this case.

■■ ■ From which it follows that the trial court reached the right result, although the decree proceeded, in part, upon an erroneous view of the applicable principles. However, such misconception does not warrant a reversal. Daniels v. Bush, 211 Miss. 1, 50 So. 2d 563.

In view of the decisive nature of the questions hereinabove dealt with, it is unnecessary to pass on the sufficiency of the adverse possession, or the competency of the proffered aerial photographs, or the denial of a requested postponement of the case to offer additional testimony on the question of possession.

It therefore follows that the judgment of the trial court should be affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Holmes* and *Ethridge, JJ.,* concur.