GRAY *v.* COVINGTON, GUARDIAN, et al.

No. 41455        April 11, 1960        119 So. 2d 615

*W. Vol Jones,* Waynesboro, for appellant.

*Louie Bishop, Paul S. Griffith,* Waynesboro; *Robert L. Calhoun,* Hattiesburg, for appellees.

McGehee, C. J.

This is an appeal from a decree of the Chancery Court of Wayne County which set aside and canceled a tax sale and a conveyance to the appellant, A. W. Gray, Jr., of the land here involved.

The land in question was owned by Ada Trotter and was assessed to her for the taxes due thereon for the year 1950. The land was sold for taxes on September 17, 1951 for the delinquent taxes due for the preceding year. In March of 1950 Ada Trotter had sold and conveyed the land to J. H. Odom and the deed was placed of record within a few days thereafter, but the chancery clerk in giving notice to the reputed owner of the land as to when the tax title would mature, issued the notice to Ada Trotter and the notice was to the effect that the tax title would mature unless the land was redeemed from the tax sale on or before September 18, 1953, which was one day after the tax title matured in the purchaser, the appellant, A. W. Gray, Jr.

The appellees claim the land through J. H. Odom, now deceased. There is no proof in the record that J. H. Odom ever saw the notice which was issued to Ada Trotter. The record shows that she was residing in the Town of Waynesboro at the time of the trial but she was not called as a witness. Therefore, there is nothing to show that J. H. Odom was misled by the erroneous notice to the former owner, Ada Trotter.

The notice was given under Section 9941, Code of 1942, and Section 9942 of the said Code, providing how the notice shall be served, and the said section contains, among other provisions, the following: "* * *; but a failure to give the notice required by this section shall not affect or render the title void."

The proof further disclosed that J. H. Odom received notices of tax sales of other land in which he was interested and that he redeemed the same in July of 1953, and he evidently overlooked redeeming this particular land that he had bought from Ada Trotter at the time he was redeeming the other lands which had been sold for taxes and in which he was interested. Moreover, we think that the case of Brown v. Clark, et al., 138 Miss. 496, 103 So. 211, sustains the contention of the appellant here that his tax title to the land matured on Sep-

tember 17, 1953 and that the attempted redemption thereof by Mr. Odom on September 18, 1953 came too late and that the clerk was authorized to execute the tax deed in question to the appellant.

The trial court applied the case of Hicks v. Nelson, 45 Kans. 47, 82 A. L. R. 505, to the effect that the courts are liberal in the construction of statutes in favor of the landowners and against the taxing authorities but we think that under our statute, Section 9942, supra, the mistake made by the clerk in giving notice to the reputed owner that the tax title would become absolute unless the land was redeemed on or before September 18, 1953 instead of September 17, 1953 did not invalidate the tax sale, since the statute provides that the failure to give the notice required by the statute shall not affect or render the title void. In other words, if no notice at all had been given, the sale would not have been rendered invalid on that account. See Santa Cruz v. State of Mississippi, et al., 223 Miss. 617, 78 So. 2d 900.

We have concluded that the trial court was in error in setting aside and canceling the tax deed of the appellant and that the case must, therefore, be reversed and judgment rendered here for the appellant.

Reversed and judgment here for appellant.

*Kyle, Holmes, Ethridge* and *Gillespie, JJ.,* concur.