Donald R. KRON, Plaintiff-Appellant,

v.

FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF HATTIESBURG et al., Defendants-Appellees.

No. 71–1698

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 25, 1971.

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Thomas A. Coleman, Ackerman, Miss., for plaintiff-appellant.

James F. McKenzie, D. Gary Sutherland, Stone D. Barefield, Hattiesburg, Miss., for defendants-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

In this action to remove cloud from title to land located in Mississippi, Kron appeals a summary judgment granted in favor of all defendants by the district court. The *Erie* application of the pertinent Mississippi law mandates affirmance.

The facts are simple. On May 25, 1963, Earl Robinson conveyed title to the property in question[1] to Jack E. Robinson. On May 27, the latter executed a deed of trust covering the property to William F. Jones, trustee for First Federal Savings and Loan Association of Hattiesburg, to secure a $15,500 debt. On July 14, 1964, Jack E. Robinson conveyed the realty to Billy Joe Jones and his wife, Genevia W. Jones; in the deed the grantees agreed to assume and to pay the indebtedness secured by the deed of trust to First Federal's trustee. That same day Billy Joe and Genevia W. Jones executed a second and subordinate deed of trust to Stone D. Barefield, trustee for Jack E. Robinson, to secure an $1800 debt. On April 4, 1966, the tax collector of Forrest County, Mississippi, sold the property to Mildred P. Hairston for nonpayment of 1965 county taxes. On November 29, 1966, Barefield foreclosed on the above-mentioned deed of trust from the Joneses and executed a trustee's deed reconveying the property to Jack E. Robinson. On June 6, 1968, the Chancery Clerk of Forrest County executed a tax deed to Mildred Hairston. On March 17, 1969, William F. Jones foreclosed on the deed of trust from Jack E. Robinson and executed a trustee's deed conveying the property to First Federal. On April 9, 1969, First Federal executed a special warranty deed conveying the property to John J. Bovatsek and his wife, Barbara J. Bovatsek. On January 2, 1970, Mildred P. Hairston deeded the same property to Donald R. Kron.

After Kron filed his complaint, defendants First Federal and the Bovatseks filed a joint answer and counterclaim. They asserted that the Chancery Clerk's 1968 tax deed to Hairston was void as to them because the Chancery Clerk had failed to give First Federal the notice to lienors required by Mississippi law[2] and had failed to certify in the tax sale book that he had given notice of the redemption period's expiration by registered mail, also required by state law.[3]

To substantiate its later motion for summary judgment, First Federal appended the affidavit of Easterling, the Chancery Clerk, which affirmatively stated that he had failed to give the statutorily required notice of the expiration of the time of redemption to First Federal and had failed to make a record of his official action in the Tax Sale

[1]. The real property in question is described as:
Lot 18 and the South 24 feet of Lot 17, Block 23, Pine Crest Second Survey in the City of Hattiesburg, Forrest County, Mississippi, as per map or plat thereon on file in the office of the Chancery Clerk of Forrest County, Mississippi, together with the improvements thereon. * * *

[2]. Miss.Code Ann. §§ 9943, 9944

[3]. Miss.Code Ann. § 9945

Book.[4] Under Mississippi law "a failure to give the required notice to such lienors, shall render the tax title void as to such lienors, * * *" Miss.Code Ann. § 9946. In the factual context *sub judice*, the Chancery Clerk's admitted failure to notify First Federal of the redemption period's expiration is fatal to Kron's claim. Undisputably First Federal was a lienor, not the landowner, at the time the redemption period expired. Thus Hairston's tax title was void as to First Federal; Kron, as Hairston's successor in interest, must suffer the same impediment. Distinguishing between notice to landowners and notice to lien holders, an unbroken line of Mississippi decisions have reached this result. *E. g.*, Pace v. Wedgeworth, 1945, 198 Miss. 1, 20 So.2d 842, 846–847; Reid v. Federal Land Bank, 1933, 166 Miss. 392, 148 So. 392, 393; Everett v. Williamson, 1932, 163 Miss. 848, 143 So. 690. The tax sale, then, could not have impaired First Federal's right to foreclose after the redemption period expired and to convey the property to the Bovatseks. *See* Pace v. Wedgeworth, *supra*, 20 So.2d at 847. Under these circumstances summary judgment in favor of First Federal and the Bovatseks was indeed proper. Fed.R.Civ.P. 56(c), (e); *see, e. g.*, Scarboro v. Universal C.I.T. Credit Corporation, 5 Cir. 1966, 364 F.2d 10, 15.

■ Moreover, the district court did not err in granting summary judgment in favor of Jack E. Robinson, who claimed no interest in the property. In his answer Robinson asserted that the complaint failed to state a claim upon which relief could be granted and moved that the court dismiss him as a party. Clearly the court treated this motion as one for summary judgment, as it was entitled to do under Fed.R.Civ.P. 12(b). All parties were given reasonable opportunity to discover whether Robinson really had an interest in the property or in the rentals derived therefrom. Utilizing the pleadings, answers to interrogatories, and affidavits, the court then granted Robinson's motion and dismissed the action with prejudice. *See* Fed.R.Civ.P. 56(c), (e). *See also* 1A W. Barron and Holtzoff, Federal Practice and Procedure § 356 (Wright ed. 1960); 3 *id.* § 1240. Kron had ample time to fully develop the facts relevant to Robinson's contentions prior to the hearing. *Cf.* Hilgeman v. National Insurance Co. of America, 5 Cir. 1971, 444 F.2d 446, 448. He suffered neither prejudice nor surprise by virtue of the court's action.

Having considered Kron's other arguments, we conclude that they lack merit. The district court's summary judgment dismissing this cause with prejudice is

Affirmed.

4. Easterling's affidavit said in pertinent part:

> For some inexplicable reason, I failed and neglected to send to First Federal Savings and Loan Association of Hattiesburg, the lienor and beneficiary under the deed of trust. * * * by United States Registered Mail, the statutory notice of the expiration of the time of redemption of said tax sale as required by Miss.Code Ann. §§ 9943–9944 (1942). I likewise failed and neglected to make and enter upon the Tax Sale Book upon the page showing said tax sale of April 4, 1966, a notation that I had examined the records of mortgages and deeds of trust in my office for a period of 6 years prior to the date of said tax sale to ascertain the names and addresses of all mortgages and beneficiaries of mortgages and deeds of trust covering the land sold for taxes, giving the name and address of the lienor, the book and page where the lien was created and the date of mailing to the lienor by registered mail the notice of expiration of the statutory period of redemption, nor did I date and sign a certificate containing such information with respect to this particular tax sale, all as required by Miss.Code Ann. § 9945 (1942). * * *